Citation Nr: 1513886 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 96-35 182 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in North Little Rock, Arkansas


THE ISSUE

Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU).


ATTORNEY FOR THE BOARD

K. Haddock, Counsel 


INTRODUCTION

The Veteran had active air service from December 1969 to May 1974. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from a March 1999 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in North Little Rock, Arkansas.

This case was previously before the Board and in a September 2007 decision, the Board denied entitlement to TDIU. The Veteran appealed the Board's decision to the United States Court of Appeals for Veterans Claims. In a March 2010 Memorandum Decision, the Court vacated the Board's decision and remanded the case to the Board for action consistent with the Memorandum Decision. In a January 2013 decision, the Board again denied entitlement to TDIU. In a December 2013 Order, the Court granted a Joint Motion of the parties and remanded the case to the Board for action consistent with the Joint Motion. In July 2014, the Board remanded the case for additional development. The case has now been returned to the Board for further appellate action.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).


REMAND

The Board finds that additional development is required before the Veteran's claim on appeal is decided. The Veteran does not meet the schedular criteria for assignment of TDIU. However, a review of the record shows that the Veteran was last able to work in 1993 and he has consistently reported that he remains unable to obtain and maintain substantially gainful employment as a result of service-connected disabilities. Additionally, based on findings contained in the August 2014 VA examination reports of record, there is some indication that the Veteran may be unable to obtain substantially gainful employment consistent with his education and occupational history as a result of service-connected disabilities. 

When a Veteran is unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities, but does not meet the percentage requirements for a TDIU of 38 C.F.R. § 4.16(a) , the case may be referred to appropriate VA officials for consideration of assignment of TDIU. 38 C.F.R. § 4.16(b) (2014). Therefore, the Board finds that the issue of entitlement to TDIU pursuant to 38 C.F.R. § 4.16(b) should be referred to the Director of the Compensation and Pension Service for consideration. 38 C.F.R. § 4.16 (2014).

Accordingly, the case is REMANDED for the following action:

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.

1. Refer the case to the Director of Compensation and Pension Service for consideration of whether TDIU is warranted pursuant to 38 C.F.R. § 4.16(b).

2. Then, readjudicate the claim. If the decision is adverse to the Veteran, issue a supplemental statement of the case and allow the appropriate time for response. Then return the claim to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
Harvey P. Roberts
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).